UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBINSON PERALTA,

               Plaintiff,

-against-

CITY OF NEW YORK,

               Defendant.

22-CV-9829 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint alleging that Defendants violated his rights. By order dated February 6, 2023, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on February 15, 2023, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

The Court assumes familiarity with the underlying facts of this case as summarized in the Court's February 6, 2023 order. (ECF 5.) In summary, on September 11, 2022, Plaintiff was driving near Broadway and West 148th Street in Manhattan when another vehicle struck his car on the left side, causing him to hit a double parked car on the right side. (ECF 1 at 9.) Plaintiff told Police Officer Jean Paul Rosenbenz about what had occurred but Rosenbenz ignored Plaintiff, and said that there were no witnesses or video evidence. Plaintiff found video confirming his version of events, which he took to the 30th Precinct so that Rosenbenz could write an accurate accident report. (*Id.*) A supervising officer agreed with Plaintiff's position of what the video showed, but Rosenbenz insisted that Plaintiff's car had not been struck. (*Id.*) The supervising officer told Plaintiff that the accident report would be corrected. On October 23,

2022,[1] the accident report was amended to state that another driver hit Plaintiff, but the report still omitted the fact that the car Plaintiff hit was double parked. (*Id.* at 11.)

The incident was referred to a detective, who told Plaintiff that she was "surprised" that she had received his complaint "so late" because "30 days had passed and any evidence would be gone." (*Id.*) On November 16, 2022, the detective notified Plaintiff that she was "unable to identify the driver of the vehicle that hit [Plaintiff's] car." (*Id.*) Plaintiff filed a complaint with the Civilian Complaint Review Board (CCRB), and the matter was reportedly sent to Internal Affairs, but was closed with no action taken. (*Id.*) Plaintiff "lost his car and his job all in the same day, and because of [Officer Rosenbenz's] actions," he was unable to "sue the other driver for damages and lost wages." (*Id.*) Plaintiff sought money damages. (*Id.* ¶ IV.)

In the February 6, 2023, the Court held that Plaintiff could not bring a claim under 42 U.S.C. § 1983 because: (1) there was no due process right to an investigation by the government, an accurate police report, or an insurance settlement; and (2) there were no facts in the complaint supporting a municipal liability claim. In an abundance of caution, the Court granted Plaintiff leave to file an amended complaint to provide facts supporting a Section 1983 claim arising out of the accident and the aftermath.

The allegations in Plaintiff's amended complaint are substantially similar to those set forth in the original complaint. (ECF 6.) In short, Plaintiff seeks damages from the City of New York, arising out of the allegedly inaccurate or incomplete incident report about the car accident. Plaintiff has failed to overcome the Court's conclusion in the February 6, 2023, order that the facts alleged in the amended complaint do not give rise to a viable Section 1983 claim against the City of New York or any other state actor.

---

[1] Plaintiff mistakenly states that this occurred on October 23, 2023.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   March 6, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge